UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REUBEN RANKE,

    Plaintiff,

v.

SAGINAW COUNTY, Michigan

    Defendant,

_____/

Case No. 75-10075

Honorable Nancy G. Edmunds

## ORDER DENYING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE AND GRANTING DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on Plaintiff Reuben Ranke's motion for order to show cause and Defendant Saginaw County's motion to dismiss or, in the alternative, motion for summary judgment. For the following reasons, the Court DENIES Plaintiff's motion for order to show cause and GRANTS Defendant's motion to dismiss.

### I. Facts

In 1975, the inmates at the Saginaw County Jail brought a class action suit challenging the constitutionality of numerous conditions and practices at the jail. After a trial on the merits, the district court granted declaratory and injunctive relief to remedy certain perceived constitutional violations. The district court later entered a permanent injunction. *See O'Bryan v. County of Saginaw*, 446 F.Supp. 436 (E.D. Mich. 1978) (Harvey, J.). The injunction states, "IT IS HEREBY ORDERED AND ADJUDGED that the

defendants, their agents, and employees are hereby PERMANENTLY ENJOINED from violating said rights of plaintiffs and are hereby REQUIRED under penalty of contempt to abide by the following practices and procedures, to wit: . . . " and goes on to give 10-pages of practices and procedures. *See Id.* at 437-47. The court defined the plaintiffs to include not only the named individuals in the case, but also "all persons who have been, are, or will be confined in the Saginaw County Jail." *Id.* at 437.

Plaintiff was confined in Defendant's jail for 19 months, from April 30, 2008 until December 9, 2009. (Pl.'s Mot. 4.) Plaintiff claims that Defendant failed to comply with many of the practices and procedures mandated by the permanent injunction by:

(1) Upon admission, failing to provide Plaintiff with a pair of clean socks and only providing one, instead of two sheets;

(2) Upon admission, failing to provide Plaintiff a toothbrush and toothpaste for several weeks;

(3) Upon admission, denying Plaintiff the right to make phone calls for several weeks;

(4) Failing to give Plaintiff a classification interview and orientation;

(5) Failing to give Plaintiff an Inmate Guide;

(6) Failing to provide Plaintiff with paper, pen, envelopes or stamps until mid-June or later;

(7) Denying Plaintiff the required telephone usage rights;

(8) Denying Plaintiff the required exercise and recreation time for his first seven weeks;

(9) Preventing Plaintiff from receiving books and failing to notify him when books were rejected, the reason for their rejection, or his right to a hearing on the matter; and

(10) Denying Plaintiff's request to wear street clothes to his pretrial court appearances.

Plaintiff alleges that he made verbal requests and complaints, as well as written requests via "kites" to corrections officers. (Pl.'s Reply 6.) Plaintiff alleges that he did not file any

formal grievances or comply with the formal grievance procedure because he was unaware that there was a formal grievance process. (Pl.'s Reply 5-7.) Plaintiff claims that he did not know about the grievance procedures because Defendant did not provide Plaintiff with an Inmate Guide. (*Id.*)

On December 9, 2009, Plaintiff was transferred out of Defendant's jail. (Pl.'s Mot. 4). On March 31, 2011, Plaintiff filed this motion to show cause why Defendant should not be held in contempt for violating the permanent injunction.

## II. Analysis

Federal courts' constitutional authority extends only to actual cases or controversies. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983). To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision; otherwise the case is moot. *Id.; see also Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001) (holding that a case is moot when the parties lack a legally cognizable interest in the outcome.) The Sixth Circuit has consistently held that a prisoner's request for injunctive or declaratory relief is moot upon his transfer to a different facility. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Matthews v. McQuiggin*, No. 10-145, 2011 WL 4376010 (W.D. Mich. August 29, 2011).

Plaintiff was transferred out of Defendant's jail on December 9, 2009. Because Plaintiff is no longer confined there and has not been for almost two years, Plaintiff's claim is moot. Plaintiff did not file any formal grievances while he was confined in Defendant's jail and waited until over a year after he was transferred to file this claim. A favorable judicial decision in this case cannot redress any injury that Plaintiff may have suffered. A

judgment that finds Defendant in contempt for violation of the permanent injunction has no effect on Plaintiff, as he is no longer confined there. Therefore, Plaintiff's claim is moot.

### III.  Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's motion or an order to show cause and GRANTS Defendant's motion to dismiss.


        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: October 27, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 27, 2011, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager