UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES O'BRYAN, *et al.*,

    Plaintiffs,

v.

SAGINAW COUNTY, *et al.*,

    Defendants.

_____/

Case No. 75-10075

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO DISSOLVE INJUNCTION [325]**

In 1978, the court issued a permanent injunction in this class action, requiring the officials operating the Saginaw County Jail to cease violating prisoners' constitutional rights and to follow certain practices and procedures.[1] *See O'Bryan v. Saginaw Cty.*, 446 F. Supp. 436, 437-47 (E.D. Mich. 1978). The matter is before the Court on Defendants' motion to dissolve the injunction. (ECF No. 325.) Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the motion will be decided without oral argument. For the reasons below, the Court GRANTS Defendants' motion to dissolve.

**I.   Background**

On June 4, 2021, Reuben Ranke filed a pro se "motion to show cause," asking the Court to order Defendants David Kerns, Saginaw County Jail Administrator, and William Federspiel, Saginaw County Sheriff, to show cause why they should not be held in contempt for violating the 1978 injunction. (ECF No. 317.) Ranke alleged that the injunction was violated while he was incarcerated at the Saginaw County Jail in 2020 and

---

[1] The injunction was issued by the Honorable James Harvey. This case was later reassigned to the Honorable Nancy G. Edmunds.

1

2021. He requested damages for the alleged violations. The Court established a new case number, docketed the motion within that case, and treated it as a civil contempt action.[2] (*See* Case No. 21-11610.) The Court eventually denied Ranke's motion for summary judgment and granted Defendants' motion for summary judgment and to dissolve the 1978 injunction. (*Id.* at ECF No. 44.) Ranke appealed. (*Id.* at ECF No. 46.) The Sixth Circuit affirmed the Court's denial of Ranke's contempt motion. (*Id.* at ECF No. 48.) But because the Court did not give the class notice and an opportunity to respond before dissolving the injunction, the Sixth Circuit vacated the portion of the order dissolving the injunction without prejudice to the defendants' ability to refile their motion in the original docket. (*Id.*) The Sixth Circuit acknowledged that the Court may have found notice unnecessary but indicated that it should have explained its decision not to notify the class. (*See id.*) Defendants' refiled motion is now before the Court. (ECF No. 325.) Ranke filed a response, and Defendants have filed a reply. (ECF Nos. 330, 331.)

In support of their motion to dissolve the injunction, Defendants rely on the affidavit of Defendant Federspiel, who states the following:

> 3. In 2020, the Saginaw County Sheriff's Department completed construction on an entirely new $35.8 million jail facility, which is called the Saginaw County Adult Detention Center.
> 4. The new Detention Center is a state-of-the-art corrections facility equipped with laundry, telephone, internet, and video link facilities.
> 5. I issued an Inmate Guide detailing the rules and regulations concerning behavior while incarcerated in the Detention Center.
> . . .
> 7. I also promulgated a Custody Manual outlining rules, regulations, privileges, and procedures involving inmates.

---

[2] This was consistent with the way an earlier motion filed by Ranke seeking similar relief for a period of incarceration in 2008 and 2009 was handled by the Court following an appeal to the Sixth Circuit. (*See* ECF No. 315; Case No. 11-15712.) That case ultimately settled.

(ECF No. 325-2, PageID.173-74.) Both the Inmate Guide and Custody Manual are attached as exhibits. (*See id.* at PageID.175-278.)

II.   **Analysis**

Defendants once again move to dissolve the 1978 permanent injunction by pointing to significant changes in the facts, laws, and circumstances that have occurred during the almost fifty years that have passed since the injunction was issued. They argue that notice to the class is unnecessary. Ranke opposes dissolution of the injunction and urges the Court to provide members of the class with notice and a similar opportunity to respond.

    A.   **The Court Dissolves the 1978 Permanent Injunction.**

Courts "may exercise their 'sound judicial discretion' to modify an injunction 'if the circumstances, whether of law or fact, obtaining at the time of its issuance have changed, or new ones have since arisen.'" *See LEP IP, LLC v. Hustler Cincinnati, Inc.*, 810 F.3d 424, 426 (6th Cir. 2016) (quoting *System Federation No. 91 Railway Employees' Dep't v. Wright*, 364 U.S. 642, 647 (1961)); *see also Gooch v. Life Investors Ins. Co.*, 672 F.3d 402, 414 (6th Cir. 2012) ("Where significant changes in the law or circumstances threaten to convert a previously proper injunction into an instrument of wrong, the law recognizes that judicial intervention may be necessary to prevent inequities.") (quotation marks and citation omitted). In determining whether to modify or dissolve an injunction, "[t]he essential question to be answered is whether changed circumstances require modification so as to effectuate the purposes underlying the initial grant of relief." *Western Surety Co. v. FutureNet Grp., Inc.*, No. 16-CV-11055, 2017 U.S. Dist. LEXIS 7343, at *9 (E.D. Mich. Jan. 19, 2017) (quotation marks and citation omitted).

3

In requesting dissolution of the injunction, Defendants not only invoke the Court's discretion to modify an injunction, but they also argue that dissolution is required under the Prison Litigation Reform Act ("PLRA"). Congress enacted this statute in 1996 with the "fundamental purpose" of "extricat[ing] [federal courts] from managing state prisons." *See Guajardo v. Tex. Dep't of Crim. Justice*, 363 F.3d 392, 394 (5th Cir. 2004) (citing *Cagle v. Hutto*, 177 F.3d 253, 257 (4th Cir. 1999)). "To that end, the PLRA established stringent standards for the entry, and more relevant for our purposes, the termination of prospective relief in suits challenging the constitutionality of prison conditions." *Hadix v. Johnson*, 228 F.3d 662, 665 (6th Cir. 2000). Specifically, "[i]n any civil action with respect to prison conditions, a defendant or intervener shall be entitled to the immediate termination of any prospective relief if the relief was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right," 18 U.S.C. § 3626(b)(2), unless "the court makes written findings based on the record that prospective relief remains necessary to correct a current and ongoing violation of the Federal right," and that, consistent with § 3626(b)(2), the relief is narrowly drawn, extends no further than necessary, and is the least intrusive means, § 3626(b)(3).[3]

---

[3] There is a circuit split "as to which party bears the burden of demonstrating that there are, or are not, ongoing constitutional violations and that the relief is narrowly drawn." *See Busby v. Bonner*, No. 20-cv-2359, 2021 U.S. Dist. LEXIS 172497, at *6-7 (W.D. Tenn. Aug. 30, 2021) (citing cases). It does not appear that the Sixth Circuit has addressed this issue. The Court will assume, without deciding, that Defendants bear the burden of proof.

The injunction was issued in this case prior to enactment of the PLRA and without the requisite findings. *See* § 3626(b)(2). The record does not support making those findings now. Prior to issuing the injunction, the court held a trial on the merits and a tour of the facility in use at the time. *See O'Bryan v. Saginaw Cty.*, 437 F. Supp. 582, 589 (E.D. Mich. 1977). The court specifically attributed the constitutional violations that were taking place in part to "the structural arrangement of the present jail." *See id.* at 593. But Saginaw County recently constructed "an entirely new $35.8 million jail facility." (ECF No. 325-2, PageID.173.) This facility is "equipped with laundry, telephone, internet, and video link facilities," (*see id.* at PageID.174), rendering many of the provisions in the 1978 injunction irrelevant. For example, the injunction requires unlimited local calls for a total period of ten minutes a week per inmate. *See O'Bryan*, 446 F. Supp. at 442. But even Ranke himself conceded in the contempt action that his allegations regarding phone use had been resolved in light of the new building providing phones for inmates in each pod.

In sum, even if there are any current and ongoing violations, the injunction is overbroad and must be terminated under § 3626(b). The Court also finds the injunction unnecessary to ensure that Saginaw County provides prisoners with their constitutional rights due to significant changes in both fact and law. In fact, requiring prison officials to abide by outdated requirements may impede their ability to adapt to new technologies and circumstances and may result in unintended inequities. Thus, the Court dissolves the permanent injunction issued in this case.

    **B.**    **The Court Finds Notice to the Class Unnecessary.**

The class was certified in this case under Federal Rule of Civil Procedure 23(b)(2), which allows for certification of a class when "the party opposing the class has acted or

5

refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." As the Sixth Circuit stated when addressing the Court's previous order dissolving the injunction, in Rule 23(b)(2) class actions, "a failure to notify individual class members of litigation proceedings typically does not offend Rule 23 or due process." *See Ranke v. Kerns*, No. 23-1938, 2024 U.S. App. LEXIS 11389, at *7 (6th Cir. May 7, 2024) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011)). "Instead, Rule 23(d)(1)(B) provides that a court *may* inform class members of important steps in the litigation process." *Id.* at *7 (quotation marks and citation omitted). District courts exercise their discretion when deciding whether to provide notice under this rule. *Id.*

The injunction was issued in this case almost fifty years ago. A review of just some of the cases cited by the Sixth Circuit where it was "implied that notice was warranted under similar circumstances" reveals that they were dealing with injunctive relief ordered much closer in time. *See, e.g.*, *Guajardo*, 363 F.3d at 394 (a twenty-year-old consent decree that had been modified on several occasions); *Hadix*, 228 F.3d at 664 (a fourteen-year-old consent decree); *California v. United States Dep't of Transp.*, No. 02-cv-004621, 2016 U.S. Dist. LEXIS 66859, at *2 (N.D. Cal. May 20, 2016) (a thirteen-year-old permanent injunction). And in cases involving termination of prospective relief under § 3626(b), the relevant consideration is whether the current record is sufficiently developed to be able to determine whether continued relief is warranted under the criteria set forth in the statute. *See Hadix*, 228 F.3d at 672. Here, the Court does not need any additional information to find dissolution of the injunction appropriate. The requirements in the injunction are so antiquated, even if there are any current and ongoing constitutional

6

violations, the relief is overbroad under the PLRA. In sum, the Court does not find notice to any past or current class members necessary prior to dissolution of the injunction.

### III. Conclusion

For the foregoing reasons, Defendants' motion to dissolve the injunction is GRANTED. Accordingly, the permanent injunction in *O'Bryan v. Saginaw Cty.*, 446 F. Supp. 436, 437-47 (E.D. Mich. 1978), is DISSOLVED.

SO ORDERED.

          s/Nancy G. Edmunds
          Nancy G. Edmunds
          United States District Judge

Dated: February 3, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 3, 2025, by electronic and/or ordinary mail.

          s/Marlena Williams
          Case Manager